**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CORRIE TRAVAIL CARTER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 16 C 4417 |
| | ) |
| **COOK COUNTY DEPARTMENT** | ) |
| **OF CORRECTIONS**, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Throughout its tenure of something over 3-1/2 decades as a District Judge, this Court has always sought to be mindful of and attentive to the difficulties faced by nonlawyers in attempting to cope with the problem of self-representation in federal litigation. That has particularly been the case in treating with actions brought by pro se prisoner plaintiffs, beginning long before the current situation in which a substantial number of staff attorneys have taken on the responsibility for assisting such litigants. In consequence this Court is confident that it has consistently designated counsel to act for such plaintiffs in a substantially higher percentage of cases than its colleagues.

Regrettably those efforts have sometimes met with less than total success, particularly where a pro se plaintiff has had a history involving multiple earlier lawsuits. That is the case with plaintiff Corrie Travail Carter ("Carter"), as to whom two attachments -- the motion to withdraw filed by the attorney designated as his counsel in this action (Ex. 1, Dkt. No. 38) and an attached memorandum from one of the staff attorneys (Ex. 2) reflect. Now Carter has tendered a

hand-printed statement dated March 15 and received in the Clerk's Office on April 7, accompanied by a group of photocopies of Inmate Grievance Forms that he submitted over the space of more than a year relating to the claim at issue in this action (Dkt. No. 47 comprises those papers).

What that most recent submission reveals is that despite Carter's numerous grievances and the lack of resolution of his claim of being deprived of the opportunity to participate in Muslim religious services, it was not until February 2 of this year that Carter took the step of taking an appeal -- a step that is necessary to satisfy the 42 U.S.C. § 1997e(a) requirement of exhaustion of administrative remedies that is a precondition to filing a lawsuit. According to that appeal form, the designated administrator at the County Jail responded by stating:

> This is forwarded to Religious Services for review and/or action if warranted.

That response was followed by the attached February 22 response from the Religious Services Department (Ex. 3).

This Court is transmitting a copy of this memorandum order to the Cook County State's Attorney's Office, which is ordered to file an appropriate response updating the posture of Carter's appeal following the Ex. 3 response. That should be done promptly, because this action is currently set for a next status hearing at 8:45 a.m. May 8, 2017.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 12, 2017

Granted orally 2/8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORRIE TRAVAIL CARTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 16 cv 4417 |
| | ) |
| COOK COUNTY DEPARTMENT | ) Honorable Judge Milton I. Shadur |
| OF CORRECTIONS | ) |
| | ) |
| Defendants. | ) |

## MOTION TO WITHDRAW

Now comes ROBERT M. KNABE, licensed to practice before this Court and files this Motion to Withdraw as attorney for Plaintiff Corrie Travail Carter in this cause, and as reasons for this motion states as follows:

1. On November 21, 2016, Robert M. Knabe was appointed by the Honorable Milton I. Shadur to represent Plaintiff, Corrie Travail Carter.

2. Since that time Knabe has reviewed the file, reviewed the applicable law, communicated with James Chapman, the attorney for the Defendants, and communicated with the Plaintiff via the U.S. Mail and telephone.

3. After the recent status in this cause, Knabe has had discussions with James Nichols, attorney for Defendants as to a resolution of this matter.

4. On January 17, 2017, Knabe had a telephone conference with Carter. During the telephone conference Knabe relayed the discussion he had with Defendant's attorneys and the possibility that the matter could be resolved.

Ex. 1

5. During that telephone conference it became apparent that Plaintiff was not interested in the settlement and questioned Knabe's judgment and competence. Plaintiff told Knabe that he would not take his opinion on the law.

6. The telephone conference ended with Carter telling Knabe that he no longer wants Knabe to represent his interests in this matter and he hung up the phone.

7. As a result of this exchange it is readily apparent that Knabe can no longer represent the Plaintiff in this matter.

8. That a notice of hearing on this motion has been served on the Plaintiff Corrie Travail Carter and on the attorneys for the Defendant.

WHEREFORE, Robert M. Knabe prays for an ORDER of Court allowing him leave to withdraw as attorney for Corrie Travail Carter.

_____
Robert M. Knabe

Robert M. Knabe
KNABE, KRONING & BEDELL
20 South Clark Street, Suite 2301
Chicago, Illinois 60603
(312) 977-9119
ARDC# 3121867

06/12/15

United States District Court
Northern District of Illinois

Notification of Party Contact Information

Directions: This form must be attached to a motion to withdraw from a case when no other attorney of record has been noted on the docket. A completed form must be electronically filed as an attachment to the motion to withdraw. The address and telephone number of your client must be completed on this form to enable the Court to contact your client in the future if the motion to withdraw is granted.

Case Number: 16 cv 4417

Case Title: Corrie Travail Carter v. Cook County Department of Corrections

Judge: Milton I. Shadur

Name of Attorney submitting the motion to withdraw:
Robert M. Knabe

Name of Client:
Corrie Travail Carter - #20150727239

Mailing address of Client: Div. 62Q 10-1, P.O. Box 089002

City: Chicago  State: Illinois

Zip: 60608  Telephone Number: unknown

I attest that the above information is true and correct to the best of my knowledge.

Signed: _____

Date: January 25, 2017

# MEMORANDUM

**TO:** The Hon. Milton I. Shadur

**FROM:** Cynthia Cohan, x3084

**DATE:** January 26, 2017

**RE:** *Carter v. Thomas, et al.*, 16 C 4417
Counsel's Motion to Withdraw (Dkt. 38), noticed for presentment on February 8, 2017

This memorandum follows up on your January 26, 2017 call about Mr. Carter's counseled First Amendment case based on an alleged inability to attend Muslim services, *Carter v. Thomas, et al.*, 16 C 4417 (Shadur, J.). Pursuant to your request, I have prepared a list of Mr. Carter's other cases for your use as you consider counsel's motion for leave to withdraw. Please let me know if I can be of any further assistance.

1. *Carter v. Douge, et al.*, Case No. 16 C 6248 (Shadur, J.) – In his complaint, which was received on April 18, 2016, Mr. Carter alleged that he had been without a working toilet for two weeks. On June 20, 2016, you granted leave to proceed *in forma pauperis* and dismissed without prejudice upon initial screening, noting that Mr. Carter could not have exhausted given the timeframe he provided. (See attached memorandum order).

2. *Carter v. Douge, et al.*, Case No. 16 C 8165 (Shadur, J.) – In his complaint, which was received on August 17, 2016, Mr. Carter alleged that the issues with his toilet were ongoing. On August 22, 2016, you granted leave to proceed *in forma pauperis* and dismissed without prejudice upon initial screening because this case was duplicative of Case No. 16 C 6248 and Mr. Carter was "totally silent as to his invocation of any available administrative remedies or as to the consequences of any such invocation." (See attached memorandum order).

3. *Carter v. Santana, et al.*, Case No. 16 10914 (Pallmeyer, J.) – The Clerk received Mr. Carter's complaint on November 28, 2016, and initial review is pending, along with Mr. Carter's requests for leave to proceed *in forma pauperis* and attorney representation (draft submitted). Mr. Carter alleges that officers at the Cook County Jail prevented him from voting in the recent election by reneging on their promises to bring a ballot to him on Election Day.

*CORRIE CARTER 16-CV-04417*

# Cook County
# Department of Corrections

DATE: 2/22/17

TO: Corrie Carter    Inmate ID: 20150727239

FROM: Religious Services Department

RE: Grievance Appeal

In response to your grievance-Control number-201700873, the Religious Service Staff has requested that a volunteer Imam visit you to speak with you about Muslim Services held in Division 10.

**See attached for specifics on original grievance**

**INMATE COPY**

Ex. 3